IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT WALLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3206 |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | MEMORANDUM AND ORDER ON |
| | ) | PLAINTIFF'S APPLICATION FOR |
| Defendant. | ) | ATTORNEY'S FEES |
| | ) | |

Now before me is Plaintiff Robert Wallman's application for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (See filing 19.) The plaintiff requests a fee in the amount of $5284.42, which includes $551.25 for paralegal and law clerk services. (See filing 22, Ex. 7.)[1] In response, the defendant argues that the fee requested by the plaintiff is not reasonable. (See filing 20.) My analysis of the plaintiff's fee application follows.

The EAJA authorizes an award of "fees and other expenses" to a "prevailing party" in a case against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In social security appeals, the Commissioner bears the burden of showing that her decision to deny benefits was substantially justified. See Herman v. Schwent, 177 F.3d 1063, 1065 (8th Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Trundle v. Bowen, 830 F.2d 807, 809 (8th Cir. 1987). In this case, the defendant concedes that a fee award is appropriate. (See Def.'s Response to Pl.'s Attorney's Request for Attorney Fees (Def.'s Br.), filing 20, at 1.) I find that the plaintiff was the "prevailing party," that the Commissioner's decision to deny benefits was not substantially justified, and that a reasonable fee should be

---

[1] The plaintiff's Exhibit 7 states on page 1 that $431.78 in attorney's fees were incurred for the preparation of the plaintiff's reply brief. (See filing 22, Ex. 7 at 1.) On page two of that exhibit, the amount was erroneously increased to $488.78. (See id. at 2.) The plaintiff's error results in a double-counting of the "paralegal time" spent on the reply brief. To correct this error, I have reduced the total fee requested by the plaintiff from $5341.42 to $5284.42. (See id.)

awarded under the EAJA.

I must now determine whether the amount of the fee sought by the plaintiff is reasonable. I shall begin by analyzing the fee rates that the plaintiff has submitted.  The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  The plaintiff claims that an increase in the cost of living justifies attorney fees at the rate of $157.67 per hour for services performed during the month of August 2005 and $159.92 per hour for services performed during the month of November 2005 and each month thereafter.  (See filing 19, Ex. 1 at 2; id., Ex. 3 ¶ 8; filing 22, Supp. Aff. ¶ 4.)  In support of these rates, the plaintiff submits a "Consumer Price Index" for "All Urban Consumers" dated November 16, 2005.  (Filing 19, Ex. 2.)  He notes, correctly, that the EAJA amendment setting the fee limit at $125 per hour became effective in March 1996, and that the Consumer Price Index (CPI) for March 1996 is reported as 155.7.  (See filing 19, Ex. 3, ¶ 8.)  He then explains that a fee rate that accounts for inflation since March 1996 may be calculated by subtracting 155.7 from the CPI figure for the "month in which the pertinent services were rendered"; dividing that difference by 155.7 "to calculate a percent of the increase as of the month in question"; multiplying that percentage by the "base rate of $125 to show a dollar amount of increase as a result of the change in CPI since March of 1996"; and then adding that "increase" to $125 "to obtain the monthly figure used to calculate the requested hourly rate for attorney's fees for that month."  (Id.)  Using this method, the plaintiff calculates a fee for the services performed in August 2005 in the amount $157.67 per hour, and a fee for services performed in November 2005, and all ensuing months, in the amount $159.92 per hour.[2]  (See filing 19, Ex. 1 at 2.)

I find that the plaintiff's calculations are correct, though the fee rates may be computed much more efficiently by simply dividing the CPI for a given month by 155.7 and multiplying that quotient by $125.  I also note that the Eighth Circuit has held that "the Consumer Price Index constitutes 'proper proof' of increased cost of living since the EAJA's enactment and justifies an

---

[2]The fee for services rendered in all months other than August 2005 is based upon the CPI for October 2005, which was the most recent CPI available when the plaintiff assembled his fee application.  (See filing 19, Ex. 2; id., Ex. 3, ¶ 8.)

award of attorney's fees greater than [the statutory cap]," Johnson v. Sullivan, 919 F.2d 503, 504 (8th Cir. 1990) (citations omitted), and that the defendant has not objected to the fee rates submitted by the plaintiff. I therefore find that the fee award will be calculated using the rates of $157.67 per hour for services performed by counsel in August 2005 and $159.92 per hour for services performed by counsel in all other months.

The plaintiff also submits that he should be allowed to recover $15 per hour for services performed by a paralegal and a law clerk. (See filing 19 at 2.) The defendant does not object to this rate, and I note that it falls well within the range of rates that have been allowed in the past. See, e.g., Lacy v. Massanari, No. 4:01cv3000, 2002 WL 269382, at *3 & n.1 (D. Neb. Feb. 26, 2002) (citing cases). Therefore, I find that paralegal and law clerk fees will be calculated using the rate of $15 per hour.

I turn now to the billing records provided by the plaintiff to determine whether the claimed hours were reasonably expended on this litigation. "[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in Hensley [v. Eckerhart, 461 U.S. 424 (1983)]." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 161 (1990). In Hensley, the Supreme Court explained that "the fee applicant bears the burden of . . . documenting the appropriate hours expended and hourly rates," and stated that a clear explanation of the reasons supporting a district court's fee award is "important." 461 U.S. at 437. Thus, in order to support a fee award, a party's billing records must "at least" enable the court to identify the "general subject matter of [the] time expenditures," Hensley, 461 U.S. at 437 n.12 (1983), and should "enable a reviewing court to identify distinct claims," id. at 437. Billing record entries that fail "'to consistently identify the subject matter of the work performed' and . . . fail[] 'to specify the substance or content of' billed tasks" are inadequate. Miller v. Woodharbor Molding & Millworks, Inc., 174 F.3d 948, 949 (8th Cir. 1999) (quoting the district court below). For example, entries such as "'legal research' or 'trial prep' or 'met w/client,'" do not allow the court to perform a "meaningful review . . . of the fee application for 'excessive, redundant, or otherwise unnecessary' hours and may make it impossible to attribute a particular attorney's specific time to a distinct issue or claim." H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991) (quoting

Hensley, 461 U.S. at 434). See also Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 326 n.11 (8th Cir. 1995) (noting the insufficiency of entries such as "revise memorandum," "review pleadings," "review documents," and "correspondence").

Requests for fees for services provided by paralegals and law clerks may be included in a fee application, since attorneys in this community ordinarily bill clients for these services. See, e.g., Weaver v. Clarke, 933 F. Supp. 831, 837 (D. Neb. 1996) (citing Missouri v. Jenkins, 491 U.S. 247, 285, 287-88 & n.9 (1989); Lutheran Medical Ctr. v. Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan, 814 F. Supp. 799 805 n.5 (D. Neb. 1993); Tabech v. Gunter, 869 F. Supp. 1446, 1455 (D. Neb. 1994)). However, fees cannot be recovered for "purely clerical or secretarial tasks" performed by law clerks or paralegals. Lacy v. Massanari, No. 4:01cv3000, 2002 WL 269382, at *3 (D. Neb. Feb. 26, 2002) (quoting Jenkins, 491 U.S. at 288 n.10).

In order to "assist counsel in presenting the court with information essential to a reasoned explanation of the fee award," guidelines have been included in the Local Rules. NECivR 54.4. The applicable rule states, in part, as follows:

> (a) Services Performed
> (1) Identify with particularity the work done.
> (A) For a conference, state who was present, what subjects were discussed, and how long it lasted.
> (B) For research, state who did it, what subjects and issues were researched, and whether the results were incorporated into a brief, motion, or pleading;
> . . . .
> (D) For pleadings, identify the pleading and who prepared it.
> (2) Identify the status (attorney, paralegal, law student) of each person performing an item of work, and each person's background.
> (3) If a paralegal or law student performed any services, state the salary or other wage rate at which the attorney or law firm pays the paralegal or law student.

NECivR 54.4(a).

The plaintiff has submitted an "Itemization of Time Spent" that documents clearly and in detail the time spent by counsel, his paralegal, and his law clerk on various tasks associated with this case. (See filing 19, Ex. 3.) According to the itemization, counsel performed a total of 26.9

hours of work; the paralegal performed 17.35 hours of work; and the law clerk performed 15.6 hours of work. (See id.) I find that the itemization complies with NECivR 54.4(a)(1) and is sufficient to allow me to "identify the subject matter of the work performed," Miller v. Woodharbor Molding & Millworks, Inc., 174 F.3d 948, 949 (8th Cir. 1999); indeed, the documentation provided by the plaintiff is exceptionally thorough, and I note that there are no entries that concern "purely clerical or secretarial tasks." Lacy, 2002 WL 269382, at *3 (quoting Jenkins, 491 U.S. at 288 n.10). The plaintiff has also identified each person who performed a particular task, provided a description of that person's background, and reported the wages paid to the paralegal and law clerk. (See filing 19, Ex. 1; id., Ex. 3, ¶¶ 1, 9.) See also NECivR 54.4(a)(2)-(3).

The defendant has not identified any shortcomings in the documentation submitted in support of the fee request. (See generally filing 20.) However, the defendant argues that the number of hours claimed by the plaintiff is excessive. (See id.) In support of this argument, the defendant argues first that a "request for 59.85 hours of time is excessive" due to the "straightforward" nature of the case and "[g]iven Plaintiff's attorney's experience with Social Security disability cases." (Id. at 1, 2.) She claims that a "straightforward social security appeal[] should involve, at most, the expenditure of about 30 billable hours by an attorney at this stage of the appeal," (id. at 2 (quoting Whitney v. Barnhart, No. 4:02cv3048, slip op. at 2 (D. Neb. March 11, 2003)), and that in cases "where the Commissioner has filed a motion to remand, up to 24 billable hours has been considered reasonable," (id. at 2-3 (citing Engelman v. Barnhart, No. 4:01cv3224 (D. Neb. May 24, 2002)). The defendant's argument is not well-taken. As the plaintiff points out in his reply brief, the defendant's argument is based upon an aggregation of all of the hours worked by counsel, the paralegal, and the law clerk. The defendant then compares this total, which is 59.85 hours, with the 30 total hours of attorney time allowed in Whitney v. Barnhart, No. 4:02cv3048, slip op. at 2 (D. Neb. March 11, 2003), and cited as a "rule of thumb" in Ross v. Barnhart, No. 4:03cv3254, slip op. at 2 (D. Neb. March 10, 2004). Whitney and Ross state quite clearly that the 30-hour rule of thumb for social security appeals does not include paralegal time. See Whitney, slip op. at 1-2; Ross, slip op. at 1-2. The total number of attorney hours submitted by the plaintiff in this case–26.9 hours–is less than the 30

hours allowed in Whitney. Also, it strikes me that 26.9 hours is not significantly different from 24 hours, which appears to be Judge Kopf's rule of thumb in cases where the defendant files a motion to remand instead of opposing the plaintiff's initial brief. See Ross, slip op. at 2 (citing Engelman, No. 4:01cv3224). In short, I am not persuaded that the total number of hours claimed by the plaintiff in his fee application must be reduced in order to bring the application into line with the rules of thumb set forth Whitney, Ross, or Engelman.

Next, the defendant argues that the plaintiff's claims for 10.95 hours "related to his law clerk's research regarding residual functional capacity" and 19.85 hours "of attorney time for work, in whole or in part, to review and revise the law clerk's drafts" are excessive. (Filing 20 at 2.) I disagree. Given the relatively low billing rate for the law clerk's time and the breadth of the issues covered in the plaintiff's brief, (see filing 11), I find that the number of hours associated with the preparation of the brief is not excessive.

The plaintiff has submitted a supplemental itemization that documents the time that was spent preparing the reply to the defendant's response to the fee application. (See filing 22, Ex. 7.) Specifically, the plaintiff submits that counsel and a paralegal performed 2.7 and 3.8 hours of work, respectively, preparing the reply brief. (See id. at 1.) I find that the fees requested in the plaintiff's supplemental itemization are reasonable, and I note that even with these new fees are included in the award, the total fee requested by the plaintiff remains comparable to the fees that have been approved in previous cases.

I find that the plaintiff shall be awarded a fee of $5284.42, which includes attorney fees in the amount of $4733.17 for 29.6 hours of work at a variable rate that accounts for inflation since March 1996, and paralegal and law clerk fees in the amount of $551.25 for 36.75 hours of work at $15 per hour.

The fee application materials include an affidavit, signed by the plaintiff, requesting that the fee award be paid by a check made payable to the plaintiff's attorney. (See filing 19, Ex. 6, ¶ 3.) Although at least one court has stated that attorneys cannot "directly claim or be entitled to the [EAJA fee] award," Phillips v. General Services Administration, 924 F.2d 1577, 1582 (Fed. Cir. 1991), other courts have ordered that fees be made payable to counsel, see, e.g., Seamon v. Barnhart, 109 Soc. Sec. Rep. Serv. (West) 222 (D. Wis. 2006); Berger v. Barnhart, Unempl. Ins.

Rep. (CCH) P 17354B (D. Wis. 2004); <u>Henderson v. Barnhart</u>, No. 01 C 9621, 2004 WL 868396 (N.D. Ill. April 21, 2004).  In this case, it appears that the plaintiff and his attorney both desire that the fee payment be made directly to counsel, and there has been no objection from the defendant.  Therefore, I shall order that the payment be made directly to the plaintiff's attorney.

**IT IS ORDERED** that:

1. The plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act, filing 19, is granted; and

2. Judgment shall be entered awarding the plaintiff attorney's fees in the amount of $5284.42, which is to be paid by check payable to Stephen Speicher, Attorney at Law.

Dated March 28, 2006.

BY THE COURT

s/   Warren K. Urbom
United States Senior District Judge